UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Frances M. Allen, *et al.*, § § § Plaintiffs, § § *versus* § § Bank of America, N.A., *et al.*, § § Defendants. § | United States District Court Southern District of Texas **ENTERED** September 26, 2016 David J. Bradley, Clerk  Civil Action H-13-2942 |

# Opinion on Summary Judgment

1.   *Introduction.*

A borrower did not pay her mortgage. After her house was foreclosed and sold to someone else, she sued for possession and title. She will take nothing.

2.   *Background.*

On June 29, 2004, Frances M. Allen borrowed $147,778 from Countrywide Home Loans, Inc., to buy a house. She signed a promissory note for the loan that was secured by a deed of trust and vendor's lien. On August 23, 2006, Allen and Countrywide agreed to refinance her mortgage. She signed another note for $151,000 that was also secured by a deed of trust and vendor's lien. Bank of America purchased Countrywide in 2008.

On January 24, 2011, Allen appointed Lisa Green as her agent – Green is a plaintiff in this suit only as Allen's attorney in fact. Agency aside, Green is a stranger and has no standing to make claims about the property. Perhaps not coincidentally, Allen's problems began shortly after she made Green her agent. Allen stopped paying in November of 2011. Bank of America, N.A., – the holder – foreclosed on August 7, 2012.

AH4R I TX, LLC, bought the home at the foreclosure sale for $151,328.28. After it purchased the property, AH4R sued to evict Allen. On May 22, 2013, she signed an agreed judgment in a Harris County court at law giving possession to,

releasing all of her claims against it, and paying it for the cost of the suit.

Despite agreeing to leave, Allen did not. A writ of possession was issued June 4, 2013, instructing the sheriff to remove Allen from the property.

After two and a half years of not paying her mortgage, litigating her claims, and agreeing to leave the property, Allen was surprised to learn that she was about to be evicted. Before the writ was executed, Allen dishonestly sued for an *ex parte* temporary restraining order to stop the execution of the writ on July 1, 2013 – having litigated previously with the same people she sought to enjoin. Allen knew whom she was suing and could have notified them. The order on restraint was granted August 16, 2013. America and the other defendants removed the case on October 4, 2013.

3. *Posture.*

In her petition, Allen alleged six theories of recovery. She sued (a) Bank of America, (b) BAC Home Loans Servicing, LP, (c) The Bank of New York Mellon, (d) AH4R, (e) Mortgage Electronic Registration Systems, Inc., and (f) one-hundred imaginary people. Once the case was removed, she amended her complaint, adding two theories and ten pages. She amended a second time after discovering, with the courts help, that it is improper to sue imaginary people.

After three motions to dismiss – one for each amended pleading – and a motion for summary judgment, Allen moved for an extension of time to respond. The court denied it. Despite the denial, Allen inexplicably did not respond to the motion for summary judgment by the deadline. The court should grant the summary judgment on this alone.

Allen's theories amount to eight meretricious reasons she should have a free home. Like her premise, Allen's theories are fanciful and twisted – legal and factual half-truths perverted by using inapplicable claims. She has pleaded through a blunderbuss, yet cannot shoot in a consistent direction much less accurately. The hallmark of her complaint and other papers reveal ignorance. The court wonders whether Allen's suit originated from incompetence or a deliberate abuse of the legal system.

4.  *Standing.*

Allen says that America did not have standing to foreclose because the assignment of the deed of trust was not properly executed, America did not follow other agreements about the transfer of the deed, and because she does not know that America holds the note.

A.  *Validity.*

Allen says that the transfer of the deed from Mortgage Electronic to America was void because the person who signed the transfer worked for America. She also says that the transfer was signed in Ventura County, California, and that Mortgage Electronic does not have an office there.

Assuming this were true, it does not make the transfer fraudulent much less void. A person may be an agent for more than one principal. She may act on behalf of one, both, or neither at a given time. The law does not require that someone be an employee to be an agent or that they act only at the principal's home office. Agreements may be executed anywhere – in the assignor's office, on the street, or flying in between Texas and California – the location makes no legal difference. The principal may be anywhere, that the agent exists is what counts.

Assuming the person who signed the transfer did so without authority, that fact would not render the assignment void. Rather it would make the assignment voidable at the bank's option. Allen has no standing to challenge it.

Allen cannot show that the transfer was void. At best, piling guesses on assumptions, she might show that it was voidable by the lender. She has done neither. In either case, it is not legally sufficient for her to avoid her responsibilities.

B.  *Contracts.*

Allen says that the transfer of the deed to America violated agreements that it made with Mortgage Electronic and Bank of New York Mellon – pooling and service agreements about the securitization of the mortgage.

Here again, Allen is not a party to any of these agreements nor is she a

third-party beneficiary of them. Assuming America did not follow its agreement with either Bank of New York or Mortgage Electronic, Bank of New York or Mortgage Electronic would be the ones to complain, not Allen.

### C. *Jus Tertii.*

Allen has paid nothing – no principal, interest, taxes, or insurance – since November of 2011. In the more than two years since Allen has last met her obligations, only America has demanded payment, told her she was in default, and foreclosed. Absent a bona-fide claim by a third party to the money that she borrowed and agreed unconditionally to repay to the holder of the note, she cannot say that she is confused about who holds the note. She has nothing to support her "belief" that someone other than America owns the note and was entitled to foreclose the property.

### 5. *Title.*

To quiet title, Allen must have a superior claim to the property; declaring that the banks and Mortgage Electronic do not have title is empty. She cannot show – nor does she claim to have – superior title. Rather she says only that the banks and Mortgage Electronic have no interest. That is contradicted by the deed she accepted as well as the note and deed of trust she signed.

Assuming she had a colorable claim to superior title, she has not paid the full amount of her promissory note, nor has she offered to pay it. The bank has superior title in two ways: it holds a lien under the deed of trust, and it holds the vendor's lien retained in the deed to Allen. The deed says that superior title is retained by the holder. To recover for trespass to try title, she must have paid the debt secured by the lien. She has not.

### 6. *Estoppel.*

Allen says that America negotiated with her to modify her loan and cure her arrearage. She says that because she thought her loan would be modified she lost her property when America suddenly foreclosed.

Allen can show no detrimental reliance. Regardless of any loan

modification, Allen owed America. She did not rely to her detriment on a representation from the bank. She did not list the property, have a private sale, or do anything else in reliance on what the bank told her.

Assuming she could show detrimental reliance, her claims are barred by the statute of frauds because the supposed representations were oral.

Assuming she could show detrimental reliance upon a promise not barred by the statute of frauds, Allen is not prepared to do equity – she has not and is not willing to pay the arrearage.

7. *Breach of Contract.*

Allen says that America breached the terms of the deed of trust by not giving her proper notice of the foreclosure. Allen has no fact that even suggests that she was not given timely notice of the sale. Rather the substitute trustee's affidavit establishes that notice was given. Her suit to stop it reveals she had enough notice.

8. *Rescission.*

Allen says that she is entitled to rescind the loan agreement because the lender is unscrupulous and she has shown that she is entitled to relief.

Populist insults aside, Allen has shown no fact that would indicate that she is entitled to anything. The bank was not unscrupulous about lending her money – Allen got $151,000 from it. Unscrupulous is taking the money, not repaying it, not paying taxes and insurance, and then suing for a free house.

Assuming she were to prevail on one of her many meretricious theories she has not shown herself ready to do equity. She is not entitled to an equitable remedy.

9. *Debt Collection.*

Allen says that she is a victim of "dual tracking" – that America negotiated a loan modification with her while planning to foreclose.

Dual tracking is a slogan. It is empty because the bank had no obligation to modify Allen's loan. Allen agreed to repay the loan unconditionally.

She has not shown misrepresentations, deception, or illegal threats by America. Her only complaint is that America did what it was legally entitled to do when she stopped paying – foreclose.

10.  *Fraud.*

Allen says that America represented to her that it seriously considered her loan modification application, yet secretly intended to foreclose.

Assuming this were true, it is not fraud. Allen did not detrimentally rely on these oral representations. She owed America, and she did not pay. Regardless of the loan modification, she would have owed America. When she imagined that the bank wanted to cheat her, she is projecting without knowing or analyzing.

If Allen were able to show detrimental reliance, she has not shown a fact to support that representations were false. The bank could negotiate with her all it wanted, the fact remains that it was not obliged to modify her loan.

Assuming her allegations were based on facts, the alleged representations were about America modifying her loan in the future. Not one alleged representation related to any material fact then in existence.

11.  *Agreed Judgment.*

Beyond the fact that her theories are tawdry, Allen's suit is barred because she agreed to relinquish her claims.

To resolve the county-court-at-law suit, Allen agreed "to release all claims she may have against America about the premises, the secured indebtedness, and the foreclosed lien; including claims about ownership, occupancy, title, wrongful foreclosure, violations of debt collection practices, misrepresentation, and fraud."

The agreed judgment is *res judicata* to Allen's claims against America. Because both were parties in the county court at law action and because the judgment denies Allen recovery, Allen may not re-litigate what has been decided previously.

Contractually, in exchange for additional time to vacate the house, Allen agreed to release her claims against America, and others. This provision covers

the banks and Mortgage Electronic. Allen agreed not to sue these entities; she is bound by her agreement.

Assuming Allen were not bound contractually, because her claims against America are barred by *res judicata*, the preclusive effect guts any claim she may have against the banks and Mortgage Electronic – Allen has conceded inherently that America has good title.

12. *Conclusion.*

Allen has sued everyone that even tangentially had something to do with her home or mortgage at least twice. She has asserted every conceivable theory in the *corpus juris* without a fact in sight.

She had no realistic basis to claim that she was entitled to her home. She borrowed money to purchase it, and refused to repay it. Rather than live with the consequences of her default, Allen has adopted guerrilla war as strategy – it is far cheaper to pay an attorney to file dishonest and obfuscatory cases than to repay the loan or move. She has lived cost free in her home for over two years. During that time she has bullied, threatened, and used *ex parte* injunctions to circumvent anyone who would evict her.

Allen must vacate the home. She will take nothing by her suit. Attorney's fees will be handled as a post-judgment matter.

Signed on September 26, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge